IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

FRANK J. THACKER,

        Petitioner,    :    Case No. 1:21-cv-704

  - vs -                         District Judge Matthew W. McFarland
                                  Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                    :
        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Frank J. Thacker under 28 U.S.C. § 2254, seeks relief from Thacker's 2018 conviction in the Common Pleas Court of Lawrence County. It is ripe for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 11), the Return of Writ (ECF No. 13), and Petitioner's Reply (ECF No. 18).

**Litigation History**

The Lawrence County Grand Jury indicted Thacker on three counts of rape in violation of Ohio Revised Code § 2907.02(A)(2), first-degree felonies; one count of burglary in violation of Ohio Revised Code § 2911.12(A)(1), a second-degree felony; two counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(3) and (A)(4), second-degree felonies; and one count of abduction in violation of Ohio Revised Code § 2905.02(A)(1), (B), a third-degree felony. All seven counts included

1

firearm specifications. Thacker pleaded not guilty and the case was tried to a jury which returned guilty verdicts on one count of rape, one count of burglary, one count of kidnapping, and one count of abduction with a firearm specification, and not guilty on the two remaining rape counts, the one remaining kidnapping count and the remaining firearm specifications. The trial court sentenced Thacker to a total prison term of twenty-seven years. *State v. Thacker,* 2020 Ohio 4620 (Ohio App. 4th Dist., Sept. 16, 2020). The Fourth District affirmed the conviction and sentence. *Id.*, appellate jurisdiction declined, 161 Ohio St. 3d 1408 (2021).

Petitioner certified under penalty of perjury that he placed his habeas corpus Petition in the prison mail system on November 4, 2021 (Petition, ECF No. 1, PageID 16). It was received and docketed by the Court on November 10, 2021. Petitioner pleads the following grounds for relief:

> **Ground One**: Convictions were against the sufficiency of the evidence.
>
> **Supporting Facts:** There was insufficient evidence in the record to convict petitioner of the one count of rape, one count of burglary, one count of kidnapping and one count of abduction with a firearm specification. When the Jury had found petitioner not guilty of the remainder charges and evidence of an alibi was present. The jury lost its way. Reasonable doubt existed.
>
> **Ground Two:** Trial court abused its discretion.
>
> **Supporting Facts**: Denied petitioner's motion to continue his jury trial, denied motion for rule 29 acquittal, denied petitioner's motion to exclude other acts.
>
> **Ground Three:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Failed to make timely objections, failed to impeach witness, inexperience (had not dealt with a case like this before).
>
> **Ground Four:** Misconduct of the state
>
> **Supporting Facts:** improper statements during closing arguments, Discovery violation

> **Ground Five:** Double Jeopardy
>
> **Supporting Facts:** Multiple sentences for crimes with same animus.
>
> **Ground Six:** A mistrial should have been declared
>
> **Supporting Facts**: The jury became privy to evidence not admitted during the course of the trial.

(Petition, ECF No. 1).

## Analysis

**Grounds One through Five:  Procedural Default**

Respondent contends Grounds One through Five are barred from merits consideration because Thacker did not appeal to the Supreme Court of Ohio from the adverse decisions on those claims made by the Fourth District Court of Appeals (Return, ECF No. 13 PageID 1484-85).

Respondent is correct that issues raised unsuccessfully on direct appeal and not thereafter presented to the State's highest court are procedurally defaulted.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  The State Court Record shows Thacker did not present Grounds One through Five to the Supreme Court of Ohio (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 11, Ex. 20).  They are therefore procedurally defaulted.

A procedural default can be excused by showing it results from ineffective assistance of appellate counsel, but that claim itself must be first presented to the state courts in the ordinary way required for such claims.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  In Ohio that method is by way of an application to reopen the direct appeal under Ohio R. App. P. 26(B).  *State v.*

3

*Murnahan*, 63 Ohio St. 3d 60 (1992). The State Court Record shows Thacker has not filed such an application and the time within which he could have done so has expired.

Grounds One through Five are procedurally defaulted because they were not presented to the Supreme Court of Ohio and Thacker has not offered excusing cause and prejudice. These five grounds should therefore be dismissed with prejudice. Because merits review of these five grounds is barred procedurally, the Magistrate Judge will not offer a merits analysis unless the District Court overrules the procedural default recommendation.

**Ground Six: Jury Misconduct**

In his Sixth Ground for Relief, Thacker asserts a mistrial should have been declared because the jury considered physical evidence – a shotgun shell – which was not admitted into evidence.

Thacker presented this claim to the Fourth District as his Sixth Assignment of Error and that court decided the issue as follows:

> **B. Trial Court's Denial of Motion for Mistrial**
>
> {¶41} For his sixth assignment of error, Thacker contends that the trial court erred in failing to declare a mistrial when, during jury deliberations, a shotgun shell, which had not been introduced into evidence, fell from the pocket of the victim's sweatpants, which had been admitted into evidence.
>
> **1. Evidence and Testimony Concerning Shotgun Shell**
>
> {¶42} M.C. [the victim] testified that on the evening of the attack, she was armed with a 20-gauge shotgun and carried it around her house with her from room to room because she was afraid Thacker was going to come to her house and harm her. She testified that the shotgun held one shell. She testified that when Thacker finally returned her to her home, she changed out of the sweatpants she was

4

wearing and put on another pair of pants because during the ordeal she had urinated in her sweatpants. Law enforcement collected the urine-soiled sweatpants that she had been wearing and the state introduced the sweatpants into evidence. The victim did not give any testimony about whether she carried a second shotgun shell in her sweatpants pocket, the second shell was not discovered during the investigation, and it was not admitted into evidence.

{¶43} Detective Brad Layman, an investigator for the Lawrence County Sheriff Department, testified that he collected M.C.'s shotgun, which was a Rossi 20-gauge single shot hinge action shotgun, with an external manual safety. Detective Layman inspected the shotgun and found that it contained an unfired Remington shotgun shell, which he removed and preserved. The state introduced both the shotgun and the unspent shotgun shell into evidence.

{¶44} The trial court gave instructions to the jury about the presentation of evidence. The trial court instructed the jury that the attorneys would present evidence and the court would enforce the rules of evidence to determine admissibility. If an objection to certain evidence is sustained, the jury would be instructed to disregard that evidence and draw no inferences from it. The jury was also admonished not to attempt to obtain any additional information about the case outside the courtroom. They were instructed, "You may only consider and decide this case upon the evidence received at the trial. If you acquire any information from an outside source, you must report it to the Court."

{¶45} The trial court also instructed the jury, "Evidence is all the testimony received from the witnesses, any exhibits admitted during trial, facts agreed to by counsel and any facts which the court requires you to accept as true." The jury was instructed to consider the exhibits that had been introduced and whether they are in the same condition as originally taken by police officers.

{¶46} The trial court informed the jury that if they wanted to see the sexual assault kit, the shotgun or the shotgun shell, they could ask the bailiff and those exhibits would be brought into the jury room. During deliberations, the jury requested to see certain medical records that had not been admitted into evidence. The trial court instructed, "In response to your question, be advised that you may only consider the evidence presented at trial. * * * Those matters include * * * the exhibits admitted during the trial."

5

{¶47} The jury requested a pair of nitrile gloves, which the trial court provided, and they opened the evidence bag containing the urine-soiled sweatpants from which a second, unspent shotgun shell fell. Outside the presence of the jury, the court explained:

> COURT: * * * The jury had sent a request out in writing for a pair of nitrile gloves. I responded affirmatively, had those gloves provided. * * * it was my understanding that after the gloves were given they opened up the evidence bag containing the sweatpants that were admitted into evidence and from within an unspent yellow shotgun shell of twenty gauge caliber fell out onto the floor. And that was then sent via the bailiff from the jury room to the main office of the Court. * * * It is not evidence in this case as it was not individually admitted into the record and shall not come into the record at any point in this case.

Thacker's attorney moved for a mistrial on all counts, "because an unsecured physical object that was not evidence was considered and seen by the jurors uh, outside of the case. Again, it was not admitted as evidence. Uh, I don't think that that can be a bell that's unrung and for that purpose we're gonna move for a mistrial." The trial court denied the motion:

> COURT: * * * I am denying the Motion because I have, I can't reasonably conclude at this point that a shell falling out has any prejudicial effect upon the State or upon the Defendant in this case at this time * * *. I'm assuming that the Motion will be renewed in the event that this is a jury verdict returned in this case and there could be a different result from the Court at that time, but I believe it is premature now with the jury still deliberating and we are having no idea if this is going, mattering at all to the jury. So, the Motion at this time is Denied for Mistrial * * *.

Later in the proceedings, Thacker's attorney renewed his motion for a mistrial:

> DEFENSE: Your Honor, we'd like to move uh, and renew again, our Motion from yesterday for a mistrial on all charges. Uh, as you are aware, the shotgun shell fell out of uh, sweatpants that the sweatpants were the only piece of evidence that was

6

> admitted uh, through the case as an exhibit, as, as uh, evidence. Uh, we believe that the Defendant has been harmed because they saw and considered evidence uh, that had not been admitted properly and we believe that that potentially could affect the outcome of this case.

The state opposed the motion, arguing, "I don't think there's any reason at all, uh, in any, any portion of these proceedings to suggest that the jury * * * for any reason has lost its way or * * * its verdict, whatever it might be, has, has undermined, certainly not by uh, finding an extraneous uh, item uh, during their deliberations." The trial court denied the motion:

> COURT: * * * after the shell was removed, * * * I had law enforcement take it and secure it. It is not with the jury. The jury did not have possession of it. I don't find that that rises to a level of uh, prejudice that would warrant a mistrial to be granted in this case * * *.

Defense counsel did not request a hearing to question the jury about whether they were prejudiced by the momentary presence of the second shotgun shell, the trial court did not sua sponte question the jury about it, nor did the trial court repeat its earlier jury instructions about what constituted proper evidence in the case or advise the jury to disregard the second shotgun shell.

*2. Standard of Review*

{¶48} Trial courts are entitled to wide latitude when considering motions for mistrial. *State v. Gunnell*, 132 Ohio St.3d 442, 2012-Ohio-3236, 973 N.E.2d 243, ¶ 28. "[W]hen a mistrial is premised on the prejudicial impact of improper evidence or argument, the trial court's evaluation of the possibility of juror bias is entitled to 'great deference.'" *Id*. quoting *Ross v. Petro*, 515 F.3d 653 (6th Cir. 2008). "A mistrial should not be ordered in a cause simply because some error has intervened. The error must prejudicially affect the merits of the case and the substantial rights of one or both of the parties." *Tingue v. State*, 90 Ohio St. 368 (1914), paragraph three of the syllabus. We review a trial court's grant or denial of a motion for mistrial for abuse of discretion, because the trial court is best situated to determine whether a mistrial is necessary. The phrase "abuse of discretion" implies that the court's decision was unreasonable, arbitrary, or unconscionable. *State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio-3703, ¶ 38.

7

### 3. Extraneous Physical Object in Jury Room

{¶49} Thacker argues that the second unspent shotgun shell was not admitted into evidence but was "considered" by the jury when it fell from the sweatpants and turned over by them to the bailiff. He contends that the trial court was required to conduct an examination of the jury to determine whether the jury's observation of the shell biased the jury, citing *State v. Phillips*, 74 Ohio St.3d 72, 1995-Ohio-171, 656 N.E.2d 643. However, State v. Phillips involved a third party's "improper outside communication" with jurors and the hearing that a court conducts to determine whether the communication biased the jury, known as a *Remmer* hearing. See *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450 98 L.Ed.2d 654 (1954).

{¶50} Here there was no "outside communication" with the jury, no independent outside experimentation or research conducted by the jury, and no threats or bribes of the jury. Rather, a physical object was discovered by the jury and turned over to court personnel. Although Thacker argues that it was "considered" by the jury, he cites nothing in the record to support this allegation and it is entirely speculative. Instead the record shows that the jury followed the trial court's instructions to "consider and decide this case upon the evidence received at the trial. If you acquire any information from an outside source, you must report it to the Court" and "you may only consider the evidence presented at trial. * * * Those matters include * * * the exhibits admitted during the trial." To the extent the second shotgun shell was "information from an outside source," the jury reported it, turned it over to the Court, and did not consider it in their deliberations. "Unless an appellant demonstrates otherwise, we should assume that the members of the jury followed their oaths and deliberated only upon the evidence adduced at trial." *State v. Gunnell*, 132 Ohio St.3d 442, 2012-Ohio-3236, 973 N.E.2d 243, ¶ 32.

{¶51} Even if we assume that the second shotgun shell was an improper communication from an outside source, "'not all communications with jurors warrant a hearing for a determination of bias.' " *State v. Ford,* 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 275, quoting *White v. Smith*, 984 F.2d 163, 166 (6th Cir. 1993). "An allegation of an unauthorized communication with a juror requires a *Remmer* hearing only when the alleged contact presents a likelihood of affecting the verdict." *Id*. citing *United States v. Frost*, 125 F.3d 346, 377 (6th Cir. 1997). Here the trial court determined that the second shotgun shell did not present a

8

likelihood of affecting the verdict. The shotgun and the loaded, unspent shotgun shell were both admitted into evidence for the jury's consideration. The jury heard the victim's testimony about her use of the shotgun for personal protection and could inspect the shotgun and one of the two shells. The trial court determined that a second shell falling from the victim's sweatpants is not the sort of "contact" that presents a likelihood of affecting the verdict.

{¶52} Thacker has failed to establish that the momentary presence of the second shell, not marked or admitted into evidence, had any likelihood of affecting the verdict. "[T]he defense must prove that the juror has been biased." *State v. Phillips*, 74 Ohio St.3d 72, 88, 1995-Ohio-171, 656 N.E.2d 643, 661, citing *United States v. Zelinka*, 862 F.2d 92, 95 (6th Cir. 1988); *United States v. Pennell,* 737 F.2d 521, 532 (6th Cir. 1984), cert. denied, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985) ("In light of *Phillips* [455 U.S. 209, 201 S.Ct. 940, 71 L.Ed.2d 78 (1982)], the burden of proof rests upon a defendant to demonstrate that unauthorized communications with jurors resulted in actual juror partiality. Prejudice is not to be presumed."). Thacker's assertion that the jury was biased is unsupported by the record and is pure speculation. After the trial court informed the parties that the jury discovered a second shell, Thacker did not request a *Remmer* hearing or object to the trial court's decision not to conduct a *Remmer* hearing. Therefore, he has forfeited all but plain error. *State v. Lee,* 10th Dist. Franklin No. 17AP-908, 2018-Ohio-3957, ¶ 26; *State v. Thomas,* 9th Dist. No. 27266, 2015-Ohio-2935, ¶ 53, citing *State v. Wooten*, 5th Dist. Stark No. 2008CA00103, 2009-Ohio-1863, ¶ 38 (applying the plain error doctrine to an argument that the trial court failed to hold *Remmer* hearings when appellant did not challenge such a failure in the trial court). "Plain error is an obvious defect in the trial proceeding that affects substantial rights. The alleged error must have 'substantially affected the outcome of the trial,' such that 'but for the error, the outcome of the trial clearly would have been otherwise.'" (Citations omitted.) *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, 75 N.E.3d 1185, ¶ 67. Even if we assume that the trial court's failure to conduct a *Remmer* hearing was erroneous, Thacker has failed to establish that it substantially affected the outcome of the trial. Thus, the trial court's failure to hold a *Remmer* hearing did not amount to plain error. After careful consideration of the record, we find nothing unreasonable, arbitrary, or unconscionable about the trial court's denial of Thacker's motion for mistrial.

{¶53} We overrule his sixth assignment of error.

*State v. Thacker,* 2020-Ohio-4620 (Ohio App. 4th Dist. Sept. 16, 2020).

Respondent offers three defenses to the Sixth Ground for Relief, to wit, that it is not cognizable in habeas corpus, that it has been procedurally defaulted, and that it is meritless under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Return, ECF No. 13, PageID 1530). Each of these defenses will be considered in turn.

1. Lack of Cognizability

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

In the Fourth District Court of Appeals, Thacker presented this issue as one of trial court error. The Fourth District held that, under Ohio law, the question of whether to declare a mistrial was committed to the sound discretion of the trial court and the trial judge had not abused his discretion by refusing to declare a mistrial. On appeal to the Supreme Court of Ohio, Thacker asserted the trial judge had no discretion under the circumstances, contending "established Ohio and US precedent **requires** that the trial court hold the hearing, regardless of any requests from counsel." (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 11, Ex. 20,

10

PageID 241-42, emphasis in original). Thus at the Ohio Supreme Court level, Thacker's claim of error shifted from failure to declare a mistrial to failure to hold a *Remmer* hearing. In his Petition in this Court, Thacker appears to shift focus again, claiming "The jury became privy to evidence not admitted during the course of the trial." (Petition, ECF No. 1, PageID 12). However in his Reply, Thacker states his Sixth Ground for Relief as follows:

> Frank argues that the trial court abused its discretion in denying Frank's motion for a mistrial because the jury collectively examined a shotgun shell, which had not been admitted into evidence. Further, the trial court abused its discretion in denying Frank's motion for a mistrial because Juror Hankins should have been removed from the jury for cause as she indicated she could not judge the case fairly and she worked at the same medical facility that treated Complainant and performed the rape kit after the alleged attacks.

(Reply, ECF No. 18, PageID 1749).

The claim relating to Juror Hankins is procedurally defaulted because it was not raised on direct appeal to the Fourth District or to the Supreme Court of Ohio. Moreover, it was not included in the Petition and may not be added at the reply stage of the proceedings. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

Thacker's sole cited authority regarding the shotgun shell is *State v. Patterson*, 188 Ohio App.3d 292 (2d Dist. May 7, 2010). The cited opinion was rendered on appeal from Patterson's third conviction in that case, the two prior trials having ended without a sustainable verdict. In the appeal, Patterson complained of the fact that an exhibit from the second trial had been sent to the third jury without having been admitted in evidence. The exhibit was a hearsay statement by a jail informant reporting that Patterson and her co-defendant at Montgomery County Jail were laughing about the death of the victim who was killed when struck by defendant's getaway car from an Upper Valley Mall robbery.

The exhibit had not been admitted in evidence, but all the jurors had considered it.

11

Obviously it was extremely prejudicial to the defendant. A motion for mistrial was made but held in abeyance until after verdict when it was denied. The Second District reversed, holding: "the ends of justice and due process require a mistrial. Thus, we hold that the trial court abused its discretion when it overruled Patterson's motion for a mistrial." *Patterson, supra,* at ¶ 80.

To the extent Thacker relies on *Patterson* for the proposition that the trial judge in this case abused his discretion in not declaring a mistrial, the case confirms that the question of a mistrial is committed to the sound discretion of the trial judge. A claim of abuse of discretion by a state court judge is not sufficient to state a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). To the extent Thacker is claiming the trial judge in this case abused his discretion in not declaring a mistrial, his claim is not cognizable in habeas corpus.

## 2. Procedural Default

Respondent also asserts Thacker's Sixth Ground for Relief is procedurally defaulted because his counsel did not request a *Remmer* hearing. As a matter of fact, the Fourth District found counsel made no request for a hearing. *Thacker* at ¶ 52. Findings of fact made by state courts are binding in subsequent habeas proceedings unless the petitioner shows from the State Court Record that the finding is clearly erroneous. 28 U.S.C. § 2254(e). Thacker makes no attempt to show that finding is in error.

Instead, Thacker claims the shell was "inherently" prejudicial. This is an attempt to substitute a conclusory label for any argument. If the shell was "inherently" prejudicial, what about the other shotgun shell, the one identified and admitted in evidence as the shell which was in the victim's possession along with the single-shot Remington shotgun? No objection was made

12

to its admission in evidence. More importantly, how is the possession of a shotgun shell by the victim prejudicial to the defendant in a domestic violence case?

Because counsel did not object, the Fourth District reviewed this claim for plain error. But plain error review is enforcement of rules requiring objection during trial, not a waiver of those rules. Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law. *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

3.      **Merits**

Lastly, Respondent argues the Fourth District's opinion on this claim is entitled to deference under AEDPA. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Two findings by the Fourth District are relevant. It found first that "Thacker has failed to

13

establish that the momentary presence of the second shell, not marked or admitted into evidence, had any likelihood of affecting the verdict." *Thacker, supra,* at ¶ 52 stating "[T]he defense must prove that the juror has been biased" and citing *State v. Phillips*, 74 Ohio St.3d 72, 88, 1995-Ohio-171, 656 N.E.2d 643, 661, citing *United States v. Zelinka,* 862 F.2d 92, 95 (6th Cir. 1988); *United States v. Pennell,* 737 F.2d 521, 532 (6th Cir. 1984), *cert. denied*, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985) ("In light of *Phillips* [455 U.S. 209, 201 S.Ct. 940, 71 L.Ed.2d 78 (1982)]. Again, all Thacker offers in opposition is his assertion that the shell was inherently prejudicial.

Second, the Fourth District held the shell was not present as the result of any "outside communication" with the jury. *Thacker, supra,* at ¶ 50. Thacker offers no proof or even argument that this finding is clearly erroneous. The second shotgun shell plainly came from "outside," but it came into the jury room by all accounts inside the urine-soaked pants of the victim which had been admitted in evidence. The plain physical object of the shotgun shell was not in itself communicative.

Thacker has not shown state court findings of facts were clearly erroneous. He has also not shown the Fourth District's conclusions of law are contrary to or an objectively unreasonable application of clearly established Supreme Court precedent, particularly *Smith v. Phillips,* 455 U.S. 209 (1982).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and

that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

September 27, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge